IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRELL HUNTER, | Case No. 11-4911 JSC |
| Plaintiff, | **ORDER RE: JOINT LETTER BRIEF (Dkt. No. 60)** |
| v. | |
| CITY AND COUNTY OF SAN FRANCISCO, et al., | |
| Defendants. | |

Pending before the Court is a Joint Letter Brief regarding the scope of permissible deposition questions filed October 19, 2012. (Dkt. No. 60). The Court finds this matter suitable for disposition without a hearing. *See* Civil Local Rule 7-1(b). Having carefully considered the letter brief and the relevant legal authority, the Court finds that Plaintiff's proposed areas of inquiry are appropriate in part.

Plaintiff seeks leave to question Defendants Nuti And Reymundo at their respective depositions regarding two matters in their personnel files. As a general matter, a party must respond to questions at a deposition except "when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3)." Fed. R. Civ. Pro. 30(c)(2). The

first ground is the only one applicable here. Defendants object to Plaintiff's proposed areas of inquiry as invading the privacy rights of the Defendants.

The Court finds that the privacy rights of the Defendants are adequately covered by the Stipulated Protective Order in this action. The Protective Order provides that "protections conferred by this Stipulation and Order cover not only Protected Material ... [and] … (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material." (Dkt. No. 23 ¶ 3.) Paragraph 5.2(b) of the Protective Order details the precise mechanism by which deposition testimony may be designated as confidential and subject to the protective order. (*Id*. at ¶ 5.)

Accordingly, the Court shall not preclude Plaintiff from inquiring into those subject matters outlined in the joint letter. If Defendants are asked to testify regarding their personnel matters, Defendants may designate that testimony as confidential in accordance with the Protective Order. However, Plaintiff's inquiry is temporally limited to matters prior to December 7, 2010 in accordance with the parties' prior agreement that this would be the relevant time period.

**IT IS SO ORDERED.**

Dated: October 22, 2012

                                                  _Jacqueline S. Corley_
JACQUELINE SCOTT CORLEY
UNITED STATES MAGISTRATE JUDGE