United States District Court
Northern District of California

1

2

3

4

5

6

7                          IN THE UNITED STATES DISTRICT COURT

8                        FOR THE NORTHERN DISTRICT OF CALIFORNIA

9

10

11

12   DARRELL HUNTER,                          Case No. 11-4911 JSC

              Plaintiff,                       **ORDER RE: JOINT LETTER BRIEF**
13                                             **(Dkt. No. 60)**

14        v.

15   CITY AND COUNTY OF SAN
     FRANCISCO, et al.,
16

17              Defendants.

18

19        Pending before the Court is a Joint Letter Brief regarding the scope of permissible deposition

20   questions filed October 19, 2012. (Dkt. No. 60).  The Court finds this matter suitable for disposition

21   without a hearing.  *See* Civil Local Rule 7-1(b). Having carefully considered the letter brief and the

22   relevant legal authority, the Court finds that Plaintiff's proposed areas of inquiry are appropriate in

23   part.

24        Plaintiff seeks leave to question Defendants Nuti And Reymundo at their respective

25   depositions regarding two matters in their personnel files.  As a general matter, a party must respond

26   to questions at a deposition except "when necessary to preserve a privilege, to enforce a limitation

27   ordered by the court, or to present a motion under Rule 30(d)(3)."  Fed. R. Civ. Pro. 30(c)(2).  The

28

first ground is the only one applicable here.  Defendants object to Plaintiff's proposed areas of inquiry as invading the privacy rights of the Defendants.

The Court finds that the privacy rights of the Defendants are adequately covered by the Stipulated Protective Order in this action.  The Protective Order provides that "protections conferred by this Stipulation and Order cover not only Protected Material ... [and] … (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material." (Dkt. No. 23 ¶ 3.)  Paragraph 5.2(b) of the Protective Order details the precise mechanism by which deposition testimony may be designated as confidential and subject to the protective order.  (*Id*. at ¶ 5.)

Accordingly, the Court shall not preclude Plaintiff from inquiring into those subject matters outlined in the joint letter.  If Defendants are asked to testify regarding their personnel matters, Defendants may designate that testimony as confidential in accordance with the Protective Order. However, Plaintiff's inquiry is temporally limited to matters prior to December 7, 2010 in accordance with the parties' prior agreement that this would be the relevant time period.

**IT IS SO ORDERED.**

Dated:  October 22, 2012

_____
JACQUELINE SCOTT CORLEY
UNITED STATES MAGISTRATE JUDGE

United States District Court
Northern District of California

2