IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRELL HUNTER,<br><br>        Plaintiff,<br><br>   v.<br><br>CITY AND COUNTY OF SAN FRANCISCO, et al.,<br><br>        Defendants. | Case No. 11-4911 JSC<br><br>**ORDER RE: JOINT LETTER DETAILING REMAINING DISCOVERY ISSUES (Dkt. No. 63)** |

Pending before the Court is a Joint Letter Brief summarizing all outstanding discovery issues. (Dkt. No. 63). The Court has carefully considered the letter brief and had the benefit of oral argument on November 6, 2012. As stated at the hearing, the Court makes the following rulings with respect to the remaining discovery issues.

**A. <u>Plaintiff's First Set of Interrogatories</u>**

    **1. Interrogatory No. 1**

There is no live dispute regarding this interrogatory response.

    **2. Interrogatory No. 6**

Defendants will identify to Plaintiff all individuals involved in the investigation of the Defendant law enforcement officers following the December 7, 2010 incident including those

involved after IA passed the matter on to the Sheriff. Defendants shall specifically identify all persons involved in the decisions not to impose discipline, including any *Skelly* hearing officers.

### 3. Interrogatory Nos. 7 and 8

Although this involves an Interrogatory request, Plaintiff explained at the hearing the information he seeks overlaps with his document requests. Defendants shall provide Plaintiff with any non-privileged documents involving the *Skelly* hearing for Defendant Burleson, and if any documents are withheld on grounds of privilege they shall be identified on a privilege log. Defendants shall also produce redacted versions of any documents proposing discipline or further investigation for any defendant. As discussed at the November 6 hearing, Defendants shall reveal the recommendations made. Defendants believe they have provided Plaintiff with all other non-attorney client privileged documents relating to the investigation.

The foregoing also disposes of Request for the Production of Documents Nos. 4 and 10.

## B. Plaintiff's Second Set of Interrogatories

### 1. Interrogatory No. 21

The Sherriff's Department employee who manages the Access database of complaints for the jail has just returned from leave. Defendants will obtain additional information regarding the database from her and provide this information to Plaintiff. The parties shall then meet and confer regarding the scope of information Plaintiff seeks and its availability.

The foregoing also disposes of: Plaintiff's Second Request for the Production of Documents Nos. 19, 21, 24 and 25.

### 2. Interrogatory No. 22

Defendants responded to this interrogatory. To the extent that Plaintiff seeks additional information, this information is more properly the subject of a deposition of the individual(s) who made the disciplinary decisions.

## C. Plaintiff's First Set of Requests for Production of Documents ("RFP")

### 1. RFP No. 1

The Court will not order Defendants to produce either the performance evaluations or the psychological testing files of the Defendant officers. Defendants shall produce the audio tapes of the

Office of Citizen Complaint files for Defendants San Francisco Police Department Officers Davies and Gumpfer. If Defendants decide to transcribe the audio-tapes, rather than produce them in their original form, Defendants shall bear any associated costs. With respect to the Internal Affairs ("IA") audio and video files, Plaintiff shall go through the complaint documents previously produced and identify to Defendants which particular IA audio and video files he contends he is entitled to discover and why. Plaintiff shall provide such information to Defendants on or before Wednesday, November 14, 2012.

### 1. RFP Nos. 3 & 7

Defendants shall determine whether the photographs are maintained in digital or negative form. If digital, Defendants shall provide an electronic copy to Plaintiff. If only a negative or other format is available, Plaintiff shall make arrangements to have a service reproduce a copy of the photo from the negative or other format.

### 2. RFP No. 5

Defendants shall produce the Department of Emergency Management radio records and the written Computer Aided Dispatch Report.

### 3. RFP Nos. 8 &26

Plaintiff may be able to convert the digital recording himself; if not, it appears that PELCO has the ability to convert the recording. To the extent that Defendants can facilitate Plaintiff obtaining an alternate version of the recording from PELCO they have agreed to do so, although the cost, if any, shall be borne by Plaintiff.

### 4. RFP No. 9

The Court's order regarding RFP 1 and Interrogatories 7 and 8 resolves this dispute.

### 5. RFP Nos. 11 & 32

Defendants represent that they have produced all use of force manuals that would have applied at the CJ1 jail on the December 7, 2010. Defendants shall also provide documents relating the San Francisco Sheriff Department's Notice of Rules Violations and the intake booking policy applicable to CJ1 jail.

D. **Plaintiff's Second Set of RFPs**

    1. **RFP Nos. 18 & 22**

There does not appear to be a live dispute regarding this issue.

    2. **RFPs 15 & 27**

There does not appear to be a live dispute regarding this issue.

E. **Other Issues**

    1. **Depositions**

Defendants shall reproduce Defendants Gonzales and James for deposition so that they may be questioned regarding prior complaints of excessive force. If possible, these depositions shall be scheduled to occur before the end of the year. If that is not possible, they shall take place during the first two weeks of January 2013.

Defendants shall determine when Deputy Mattison is available for deposition as soon as she returns to work. This deposition shall be scheduled to occur as soon as Deputy Mattison is available, and in no event (other than the continued unavailability of the deponent), later than the first two weeks of January 2013.

Defendants shall produce San Francisco Police Officer Defendants Davies and Gumpfer for deposition prior to the end of the year.

As set forth above, Defendants must identify the person or persons who made the final decision not to discipline each Defendant. Once Defendants identify that individual or individuals, the parties shall meet and confer to schedule the decisionmaker's deposition for the first two weeks of January, 2013.

    2. **Scheduling**

All written discovery ordered herein shall be produced as soon as possible. Defendants shall advise Plaintiff on or before November 19, 2012 as to when they expect to produce the written discovery. Defendants shall give priority to producing that discovery needed for depositions, i.e., discovery regarding excessive force complaints involving the defendants, and the investigation of this incident and the officers involved. Defendants shall make their best efforts to produce this discovery by November 30, 2012. In addition, on or before Wednesday, November 14, 2012, Plaintiff shall

1  provide Defendants with available deposition dates from November through the first two weeks of
2  January to facilitate the scheduling of the remaining depositions.
3      Trial in this matter is continued to April 29, 2013. Defense counsel has another trial scheduled
4  to commence on April 23, 2013 (10-2602 TEH); if that trial goes forward on that date, the Court will
5  reschedule the trial in this matter to August 5, 2013 unless the parties and the Court agree to another
6  date.

8      **IT IS SO ORDERED.**

10  Dated:  November 6, 2012

                                        _Jacqueline S. Corley_
                                        JACQUELINE SCOTT CORLEY
                                        UNITED STATES MAGISTRATE JUDGE

United States District Court
Northern District of California