IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRELL HUNTER,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>CITY AND COUNTY OF SAN FRANCISCO, et al.,<br><br>　　　　Defendants. | Case No. 11-4911 JSC<br><br>**ORDER RE: JOINT DISCOVERY LETTER BRIEF (Dkt. No. 80)** |

Now pending before the Court is the parties' Joint Discovery Letter Brief (Dkt. No. 80). Having considered the parties' written submission and having had the benefit of oral argument, as stated on the record the Court issues the following rulings regarding Plaintiff's discovery requests.

**1. Access Database**

Plaintiff seeks information from the Access database regarding excessive force complaints. On January 14, 2013, the parties agreed via email correspondence which data Defendants would provide Plaintiff in response to his discovery requests. (Dkt. No. 80-1 at 2-3.) Defendants shall produce this data by 5:00 p.m. January 30, 2013 unless Defendants' counsel is required to appear for jury duty. If Defendants' counsel is required to appear, the parties shall jointly call the Court on January 30, 2013 to discuss a revised schedule.

1  Plaintiffs' request for production of the reports regarding excessive force that
2  Defendants make to the California Department of Justice ("DOJ") is denied as untimely and
3  for failure to establish good cause.  Plaintiff had ample opportunity to seek this information
4  earlier—prior to the close of discovery—and declined to do so.  With respect to Plaintiff's
5  request for the Internal Affairs ("IA") files for excessive force complaints that were not
6  sustained, Plaintiff's request is similarly denied.  The potential relevancy of these documents
7  is disproportionate to the burden of production, especially since the Access database will
8  provide Plaintiff with statistics.

### 2. Depositions of Lieutenant Flewellen and former Undersheriff Jan Dempsey

Plaintiff's request to depose Lieutenant Flewellen is denied as untimely.  Plaintiff did not seek to take his deposition or a deposition of the person most knowledgeable regarding the IA investigation process prior to the close of discovery.  In contrast, Plaintiff did seek to take former Undersheriff Dempsey's deposition and the Court granted Plaintiff leave to depose her on September 13, 2012.  Accordingly, Defendants shall produce Undersheriff Dempsey for a one hour deposition by mid-March 2013.

### 3. *Skelly* Hearing Notes

Plaintiff is not entitled to copies of notes taken by the attorney for the Sheriff's department during the *Skelly* hearing relating to the claims herein.  Although Defendants should have listed these documents on a privilege log, their failure to do so does not constitute a waiver as Defendants' counsel informed Plaintiff in writing of the documents existence and privileged nature.

### 4. Deposition of Deputy Mattison

Deputy Mattison has returned to active duty.  Defendants shall make her available for deposition by the end of February 2013.

### 5. Rule 30(b)(6) Deposition regarding video surveillance

Plaintiff is entitled to take the deposition of a Rule 30(b)(6) designee regarding video surveillance at the San Francisco County Jail; however, the time to compel responses to written discovery requests has long passed.

**6. West Coast Legal Documents**

Defendants shall make available to Plaintiff the documents provided by West Coast Legal as there is no other way for Plaintiff to obtain these documents. Plaintiff shall copy the documents at his expense.

**7. Scheduling**

Plaintiff's opposition to Defendants' Motion for Summary Judgment is due February 5, 2013; Defendants' reply is due February 19, 2013. The hearing on the motion remains scheduled for February 28, 2012 at 9:00 a.m.

This Order disposes of Docket No. 80.

**IT IS SO ORDERED.**

Dated: January 30, 2013

                                           _____
                                           JACQUELINE SCOTT CORLEY
                                           UNITED STATES MAGISTRATE JUDGE