IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRELL HUNTER,<br><br>   Plaintiff,<br><br> v.<br><br>CITY AND COUNTY OF SAN FRANCISCO, et al.,<br><br>   Defendants. | Case No. C11-4911 JSC<br><br>**ORDER RE: PLAINTIFF'S MOTION FOR RECONSIDERATION OF THE COURT'S DECEMBER 19, 2012 ORDER (Dkt. No. 83)** |

  Now pending before the Court is Plaintiff's Motion for Leave to File a Motion for Reconsideration of the Court's December 19, 2012 Order (Dkt. No. 74) denying Plaintiff's Motion to Amend the Complaint to name Defendant Hennessey in his individual capacity. (Dkt. No. 83.)  Because Plaintiff has not shown that the motion is based on any new facts or evidence that were unavailable to Plaintiff before the Court's decision, the Court DENIES Plaintiff leave to file a motion for reconsideration.

  Plaintiff's original motion sought leave to name Defendant Hennessey in his individual as well as official capacity based on recently discovered evidence that Hennessey was the final decision-maker with respect to whether any deputies were disciplined as a result of the incident underlying this lawsuit.  While this information may have been newly discovered, the Court found that Plaintiff had failed to establish good cause for amendment because (1) Plaintiff had not acted diligently in pursuing discovery regarding this matter, and (2) even without this evidence Plaintiff could have pled a claim against Hennessey based on

his role as the final policymaker and his alleged failure to properly train and supervise his employees (the basis for his official liability claim), but Plaintiff chose not to do so.

Plaintiff seeks reconsideration of this decision because he contends that newly discovered evidence obtained during his January 8, 2013 deposition of Hennessey bolsters Plaintiff's claim for punitive damages against Defendant Hennessey.  The Court is not persuaded by this argument.  The testimony elicited during the Hennessey deposition does not amount to a "new material fact," because it does not alter that Plaintiff did not act diligently to pursue discovery regarding the decision-making process, and that even without this evidence Plaintiff could have pled this claim, but decided not to do so.  Further, there would be significant prejudice to Hennessey were he to be added in his individual capacity at this late stage long after the close of discovery and following summary judgment.  Were the Court to allow Plaintiff to add him as a defendant in his individual capacity at this stage, the Court would necessarily have to reopen discovery, set a new briefing schedule for summary judgment, and move the trial date yet again.

Accordingly, the Court finds that reconsideration is not warranted under Local Rule 7-9. Based on the foregoing, Plaintiff's Motion for Leave to File a Motion for Reconsideration is DENIED.  (Dkt. No. 83).

**IT IS SO ORDERED.**

Dated: March 4, 2013

_____
JACQUELINE SCOTT CORLEY
UNITED STATES MAGISTRATE JUDGE