IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRELL HUNTER,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>CITY AND COUNTY OF SAN FRANCISCO, et al.,<br><br>　　　　Defendants. | Case No. 11-4911 JSC<br><br>**ORDER UNSEALING IN PART MARCH 4, 2013 ORDER RE: DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT (Dkt. No. 115)** |

This Court filed its Order regarding Defendants' Motion for Partial Summary Judgment under seal because various matters referenced therein have been filed under seal in this matter. (Dkt. No. 115.) In a separately filed Order, the Court directed Defendants, as the parties who had designated the material confidential in the first instance, to file a statement setting forth the basis for sealing portions of the Court's Order that referred to the material previously designated as confidential. The Court has considered Defendants' Statement (Dkt. No. 119) and the relevant authority and hereby UNSEALS the March 4, 2013 Order in part for the reasons set forth below.

**LEGAL STANDARD**

"[T]he courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597 & n.7 (1978); *see also Foltz v. State Farm Mutual Auto Insurance Comp.*, 331 F.3d 1124, 1134 (9th Cir. 2003) ("In this circuit, we start with a

strong presumption in favor of access to court records.) The right is justified by the interest of citizens in "keep[ing] a watchful eye on the workings of public agencies." *Nixon*, 435 U.S. at 598. The right, however, "is not absolute and can be overridden given sufficiently compelling reasons for doing so." *Foltz*, 331 F.3d at 1135; *see*, *e.g. Times Mirror Co. v. United States*, 873 F.2d 1210, 1219 (9th Cir. 1989). "A narrow range of documents is not subject to the right of public access at all because the records have traditionally been kept secret for important policy reasons." *Kamakana v. City and County of Honoloulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (internal citations omitted); *see, e.g.*, *Times Mirror Co.*, 873 F.2d at 1219 (grand jury transcripts and warrant materials in the midst of a pre-indictment investigation not subject to right of public access).

The right of public access to judicial records "applies fully to dispositive pleadings, including motions for summary judgment and related attachments." *Kamakana*, 447 F.3d at 1179. The Ninth Circuit "adopted this principle of disclosure because the resolution of a dispute on the merits, whether by trial or summary judgment, is at the heart of the interest in ensuring the public's understanding of the judicial process and of significant public events." *Id.* (internal citations and quotation marks omitted). Thus, "[a] party seeking to seal a judicial record then bears the burden of overcoming this strong presumption by meeting the 'compelling reasons' standard." *Id*. at 1178-79. The reasons must "outweigh the general history of access and the public policies favoring disclosure." *Id.* at 1179 (internal quotation marks and citations omitted). Such compelling reasons include "the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* at 1179 (internal quotation marks and citation omitted). "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.*

The Court must "conscientiously balance[ ] the competing interests" of the public and those of the party seeking to keep certain judicial records secret. *Foltz*, 331 F.3d at 1135. In considering these interests, the court must "base its decision on a compelling reason and

1 articulate the factual basis for its ruling, without relying on hypothesis or conjecture."
2 *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995) (internal citations omitted).

## DISCUSSION

Defendants request that two portions of the Court's Order regarding Defendants' Motion for Partial Summary Judgment be filed under seal. First, they ask that footnote 6, referring to prior unsustained excessive force complaints against one of the Deputy defendants, be sealed on the ground that the footnote violates the Deputy's right to privacy. In the alternative, they ask that the Deputy's name be removed from the footnote. Second, Defendants request that the Court seal portions of the Order that quote from documents in another Deputy's personnel file. In particular, they ask that the Court seal references made to a Notice of Intent to Discipline. The Court addresses each request for sealing in turn.

**A. Information Re: Unsustained Excessive Force Complaints**

Defendants contend that footnote 6, which references prior unsustained excessive force complaints against one of the individual defendants, should be sealed because it is protected by the Deputy's right to privacy and California Penal Code § 832.7. As support, Defendants rely on *Nakagawa v. Regents of Univ. of Cal.*, No. 06-2066, 2008 WL 1808902 (N.D. Cal. Apr. 22, 2008), for the proposition that "Federal courts have recognized a defendant's interest in preserving confidentiality of information contained in his or her personnel file." (Dkt. No. 119 at 1.) *Nakagawa*, however, is inapposite as it addressed sealing in connection with discovery disputes and not dispositive motions. Similarly, Section 832.7 does not shield this information because in federal question cases, federal common law applies. *See Garrett v. City and County of San Francisco*, 818 F.2d 1515, 1519 n.6 (1987) ("This court has held that personnel files are discoverable in federal question cases ... despite claims of privilege"). Instead, Defendants must show "compelling reasons sufficient to outweigh the public's interest in disclosure and justify sealing court records." *Kamakana*, 447 F.3d at 1178.

Defendants have failed to demonstrate a compelling reason to shield the fact that one of the deputies had two prior allegations of excessive force (especially as this fact is referenced in their own publicly filed statement supporting the redactions, *see* Dkt. No. 119 ¶

1). The Court nevertheless concludes that the identity of the Deputy should remain confidential given that it lacks any probative value in this context of the summary judgment Order; the Court did not rely on the fact that the Deputy had prior unsustained allegations of excessive force in reaching its decision on summary judgment. Accordingly, Defendants' interest in maintaining the confidentiality of his identity outweighs any de minimis interest the public may have in knowing who this Deputy is.

### B. Information in Deputy Burleson's Personnel File

The information in Deputy Burleson's personnel file which Defendants assert is confidential presents a different question. As the information Defendants seek to seal played a central role in the Court's decision that Plaintiff's *Monell* claims could go forward, the balance of interests tips heavily in favor of disclosure.

The only argument Defendants have made in favor of sealing portions of Deputy Burleson's personnel file is:

> As the Sheriff's Department informed Plaintiff in a public document, Sheriff Hennessey determined that the Deputy did not commit misconduct. The portions of the Deputy's file that refer to a preliminary analysis of an ultimately unsustained citizen complaint, and its reflection on the state of the evidence prior to the Deputy's opportunity to present his side of the story (including expert evidence concerning the videotape of the incident), interferes with his right to privacy.

(Dkt. No. 119 ¶ 2 citing *Pryor v. City of Clearlake*, No. 11-0954, 2012 WL 3276992 (N.D. Cal. Aug. 9, 2012) (hereinafter "*Pryor II*")). Defendants have not met their burden of showing compelling reasons.

First, Defendants have failed to make any particularized showing regarding the confidentiality of the Notice of Intent to Discipline in Deputy Burleson's personnel file and the related investigation. Instead, Defendants make a bald privacy objection to unsealing information regarding what was ultimately determined by former Sheriff Hennessy (also a defendant in this action) to be an "unsustained" allegation of excessive force. "Simply invoking a blanket claim, such as privacy or law enforcement, will not, without more, suffice to exempt a document from the public's right of access." *Kamakana,* 447 F.3d at 1185. Defendants' cursory privacy claim is thus insufficient to overcome the public's interest in

4

understanding the basis for the Court's decision that Plaintiff's *Monell* claim against the City and County of San Francisco could proceed. Because the content of the Notice of Intent to Discipline and Sheriff Hennessey's actions in response were significant factors in the Court's decision, the probative value of this information far outweighs Defendants' privacy interest. This is especially so given that the jury in this case will be asked to decide whether Deputy Burleson is, in fact, liable for excessive force; it is not as though the excessive force accusation is a secret.

Second, Defendant's reliance on *Pryor v. City of Clearlake*, No. 11-0954 CW, 2012 WL 3276992 (N.D. Cal. Aug. 9, 2012) ("*Pryor II*") is misplaced. In *Pryor II*, and its predecessor opinion, *Pryor v. City of Clearlake,* No. 11-0954 CW, 2012 WL 2711032 (N.D. Cal. July 6, 2012) ("*Pryor* I"), the court considered the propriety of a request for sealing in a Section 1983 excessive force action. The court's analysis began with the premise that "[t]he public has a strong interest in information concerning the prosecution of civil rights actions, including lawsuits that allege police misconduct, and an interest in understanding the judicial process." *Pryor I*, 2012 WL 2711032, at *2. In *Pryor I*, the court applied the compelling interest standard and sealed only that information which was irrelevant, sensitive, private, and where there was a likelihood that "it was filed …because of private spite or a desire to scandalize the public." *Pryor I*, 2012 WL 2711032, at *1-2. In *Pryor II*, the court sealed information relating to a prior Internal Affairs investigation of an unrelated incident relating to one of the defendant officers because it was lacking in probative value. *Pryor II*, 2012 WL 3276992 at *3. In so holding, the court repeatedly recognized "that the lack of relevance of the sensitive information is not dispositive as to whether a sealing order is warranted, but underscores the privacy interest in sealing such information." *Id*. at *4. However, the court declined to seal a log of police officers who had watched an ethics training video because the plaintiff's lawsuit included a *Monell* claim against the city for failure to adequately train its officers. *See id.* at *4. Thus, the *Pryor* court looked both at whether the party requesting sealing could establish a compelling reason for sealing and whether the documents were

1  probative to the subject matter of the underlying lawsuit.  Here, the summary judgment Order
2  statements sought to be sealed could not be more probative to the Court's decision.

### CONCLUSION

The Court has considered whether portions of its own Order on summary judgment are properly sealable and concludes that they are not.  Given the probative value of this information, the public's right to disclosure outweighs Defendants' interest in maintaining the confidentiality of the information.  Accordingly, the Court UNSEALS its prior Order granting in part and denying in part Defendants' Motion for Partial Summary Judgment (Dkt. No. 115) with the exception of the identity of the Deputy referenced in footnote 6.

**IT IS SO ORDERED.**

Dated: May 28, 2013

_____
JACQUELINE SCOTT CORLEY
UNITED STATES MAGISTRATE JUDGE