United States District Court
Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

DARRELL HUNTER,

        Plaintiff,

   v.

DEPUTY ADAM BURLESON, et al.,

        Defendants.

Case No. 11-4911 JSC

**[PROPOSED] JURY INSTRUCTIONS**

Dated:  August 7, 2013

_____

JACQUELINE SCOTT CORLEY
UNITED STATES MAGISTRATE JUDGE

**DUTIES OF JURY TO FIND FACTS AND FOLLOW LAW**

Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law which applies to this case. A copy of these instructions will be available in the jury room for you to consult if you find it necessary.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. You must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath promising to do so at the beginning of the case.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important. You must not read into these instructions or into anything the court may have said or done any suggestion as to what verdict you should return--that is a matter entirely up to you.

United States District Court
Northern District of California

United States District Court
Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## WHAT IS EVIDENCE

The evidence from which you are to decide what the facts are consists of:

(1) the sworn testimony of any witness;

(2) the exhibits which have been received into evidence; and

(3) any facts to which the lawyers have agreed or stipulated.

United States District Court
Northern District of California

# WHAT IS NOT EVIDENCE

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are.  I will list them for you:

(1) Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, will say in closing arguments, or have said at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2) Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3) Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition sometimes testimony and exhibits are received only for a limited purpose; when I have given a limiting instruction, you must follow it.

(4) Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

United States District Court
Northern District of California

# DIRECT AND CIRCUMSTANTIAL EVIDENCE

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what the witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

**STIPULATIONS OF FACT**

The parties have agreed to certain facts that have been read to you. You should therefore treat these facts as having been proved.

United States District Court

Northern District of California

## CHARTS AND SUMMARIES IN EVIDENCE

Certain charts and summaries have been received into evidence to illustrate information brought out in the trial. Charts and summaries are only as good as the underlying evidence that supports them. You should, therefore, give them only such weight as you think the underlying evidence deserves.

United States District Court
Northern District of California

# CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1) the opportunity and ability of the witness to see or hear or know the things testified to;

(2) the witness' memory;

(3) the witness' manner while testifying;

(4) the witness' interest in the outcome of the case and any bias or prejudice;

(5) whether other evidence contradicted the witness' testimony;

(6) the reasonableness of the witness' testimony in light of all the evidence; and

(7) any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.

## EXPERT EVIDENCE

Some witnesses, because of education or experience, are permitted to state opinions and the reasons for those opinions.

Opinion testimony should be judged just like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness' education and experience, the reasons given for the opinion, and all the other evidence in the case.

United States District Court
Northern District of California

**CLAIMS AND DEFENSES**

Plaintiff Hunter claims that defendants Adam Burleson, Mario Gonzales, William James, Frank Lu, and Jurnation Reyundo used excessive force against him in violation of the Fourth Amendment of the US Consitition.  As the plaintiff, he has the burden of proving this claim.  He also claims that Senior Deputy Nuti as a supervisor is liable for failing to intervene and prevent any of the other defendants' excessive force.

The deputies deny these claims and contend that the force they used was objectively reasonable under the circumstances.

**BURDEN OF PROOF - PREPONDERANCE OF THE EVIDENCE**

When a party has the burden of proof on any claim by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

United States District Court
Northern District of California

11

## SECTION 1983 CLAIM - INTRODUCTORY INSTRUCTION

The plaintiff brings his claim for excessive force under the federal statute, 42 U.S.C. § 1983, which provides that any person or persons who, under color of law, deprives another of any rights, privileges, or immunities secured by the Constitution or laws of the United States shall be liable to the injured party.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## SECTION 1983 CLAIM AGAINST DEFENDANT IN INDIVIDUAL CAPACITY - ELEMENTS AND BURDEN OF PROOF

In order to prevail on his section 1983 claim against Defendants Adam Burleson, Mario Gonzales, William James, Frank Lu, and Jurnation Reyundo, the plaintiff, Mr. Hunter, must prove each of the following elements by a preponderance of the evidence, as to each defendant:

      1.    the defendant acted under color of law; and

      2.    the acts of the defendant deprived the plaintiff of his particular rights under the United States Constitution as explained in later instructions.

A person acts "under color of law" when the person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance, or regulation. The parties have stipulated that each defendant acted under color of law.

If you find the plaintiff has proved each of these elements, and if you find that the plaintiff has proved all the elements he is required to prove under the other instructions, your verdict should be for the plaintiff as to each defendant in which all the elements have been proved. If, on the other hand, the plaintiff has failed to prove any one or more of these elements, your verdict should be for the defendant.

United States District Court
Northern District of California

## SECTION 1983 CLAIM AGAINST SUPERVISORY DEFENDANT
## IN INDIVIDUAL CAPACITY - ELEMENTS AND BURDEN OF PROOF

In order to prevail on his section 1983 claim against Defendant Mark Nuti, the plaintiff, Mr. Hunter, must prove each of the following elements by a preponderance of the evidence, as to the defendant:

1.      the defendant acted under color of law; and

2.      the acts of the defendant's subordinates deprived the plaintiff of his particular rights under the United States Constitution as explained in later instructions; and

3.      (a) the defendant knew, or reasonably should have known, that his subordinates were engaging in these acts and that their conduct would deprive the plaintiff of these rights; and

(b) the defendant failed to act to prevent his subordinates from engaging in such conduct.

A person acts "under color of law" when the person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance, or regulation. The parties have stipulated that Defendant Mark Nuti acted under color of law.

If you find the plaintiff has proved each of these elements, and if you find that the plaintiff has proved all the elements he is required to prove under the other instructions, your verdict should be for the plaintiff as to this defendant.  If, on the other hand, the plaintiff has failed to prove any one or more of these elements, your verdict should be for the defendant.

United States District Court
Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## CAUSATION

In order to establish that the acts or failures to act of Defendants Adam Burleson, Mario Gonzales, William James, Frank Lu, Mark Nuti, and Jurnation Reymundo deprived the plaintiff, Mr. Hunter, of his particular rights under the United States Constitution, the plaintiff must prove by a preponderance of the evidence that the acts or failures to act were so closely related to the deprivation of the plaintiff's rights as to be the moving force that caused the ultimate injury.

**PARTICULAR RIGHTS - FOURTH AMENDMENT - UNREASONABLE SEIZURE OF PERSON - EXCESSIVE FORCE**

In general, a seizure of a person is unreasonable under the Fourth Amendment if a law enforcement officer uses excessive force on the person. Thus, in order to prove an unreasonable seizure in this case, the plaintiff must prove by a preponderance of the evidence that Defendants Adam Burleson, Mario Gonzales, William James, Frank Lu, Mark Nuti, and Jurnation Reymundo used excessive force on Mr. Hunter while at the jail on December 7, 2010.

Under the Fourth Amendment, a law enforcement officer may only use such force as is "objectively reasonable" under all of the circumstances. In other words, you must judge the reasonableness of a particular use of force from the perspective of a reasonable officer on the scene and not with the 20/20 vision of hindsight.

In determining whether the officer used excessive force in this case, consider all of the circumstances known to the officer on the scene, including:

1. The severity of the circumstances to which the officer was responding;
2. Whether the plaintiff posed an immediate threat to the safety of the officer or to others;
3. Whether the plaintiff was actively resisting arrest or attempting to evade arrest by flight;
4. The amount of time and any changing circumstances during which the officer had to determine the type and amount of force that appeared to be necessary;
5. The type and amount of force used;
6. The availability of alternative methods to subdue the plaintiff.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## EXCESSIVE FORCE

Use of reasonable and legitimate force can result in an injury, even a serious injury or death.  However, an officer is only liable if he or she uses excessive force.  If an officer uses reasonable force, the officer cannot be liable under any circumstance, even if a serious injury or death results.

United States District Court
Northern District of California

1

**BANE ACT—ESSENTIAL FACTUAL ELEMENTS (CIV. CODE, § 52.1)**

2

3      Mr. Hunter also claims that Deputy Burleson intentionally interfered with his civil

4  rights by threats, intimidation, or coercion. To establish this claim, Mr. Hunter must prove all

5  of the following:

6

7      1. That Deputy Burleson made threats against Mr. Hunter causing Mr. Hunter to

8  reasonably believe that if he exercised his right to be free of excessive force Deputy Burleson

9  would commit violence against him and that Deputy Burleson had the apparent ability to carry

10  out the threats;

11

12      2. That Mr. Hunter was harmed; and

13

14      3. That Deputy Burleson's conduct was a substantial factor in causing Mr. Hunter's

15  harm.

16

17

18

19

20

21

22

23

24

25

26

27

28

**PUNITIVE DAMAGES**

If you find any defendant liable for violation of plaintiff's constitutional rights, you may, but are not required to, award punitive damages. The purposes of punitive damages are to punish a defendant and to deter similar acts in the future. Punitive damages may not be awarded to compensate a plaintiff.

The plaintiff has the burden of proving by a preponderance of the evidence that punitive damages should be awarded.

You may award punitive damages only if you find that the individual defendant's conduct that harmed the plaintiff was malicious, oppressive or in reckless disregard of the plaintiff's rights. Conduct is malicious if it is accompanied by ill will, or spite, or if it is for the purpose of injuring the plaintiff. Conduct is in reckless disregard of the plaintiff's rights if, under the circumstances, it reflects complete indifference to the plaintiff's safety or rights, or if the defendant acts in the face of a perceived risk that his actions will violate the plaintiff's rights under federal law. An act or omission is oppressive if the defendant injures or damages or otherwise violates the rights of the plaintiff with unnecessary harshness or severity, such as by the misuse or abuse of authority or power or by the taking advantage of some weakness or disability or misfortune of the plaintiff.

If you find that a punitive damages award is warranted in this case, you will receive additional evidence and instruction concerning the amount of punitive damages to be awarded.

United States District Court
Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

## USE OF NOTES

Some of you have taken notes during the trial. Whether or not you took notes, you should rely on your own memory of what was said. Notes are only to assist your memory. You should not be overly influenced by the notes.

United States District Court
Northern District of California

**DUTY TO DELIBERATE**

When you begin your deliberations, you should elect one member of the jury as your presiding juror.  That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. Do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

**COMMUNICATION WITH COURT**

If it becomes necessary during your deliberations to communicate with me, you may send a note through the Court clerk signed by your presiding juror or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing; and I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court. If you send out a question, I will consult with the parties before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged. Do not disclose any vote count in any note to the court.

**RETURN OF VERDICT**

A verdict form has been prepared for you.  After you have reached unanimous agreement on a verdict, your presiding juror will fill in the form that has been given to you, sign and date it, and advise the court that you are ready to return to the courtroom.

United States District Court
Northern District of California