IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRELL HUNTER,<br><br>    Plaintiff,<br><br>    v.<br><br>CITY AND COUNTY OF SAN FRANCISCO, et al.,<br><br>    Defendants. | Case No. 11-4911 JSC<br><br>**ORDER REGARDING PHASE ONE JURY INSTRUCTIONS** |

At the jury instruction conference held in open court on August 8, 2013, the Court made several rulings. This Order further explains two of those rulings.

    **A.    Bane Act Instruction**

The Court has elected to follow the Judicial Council of California Civil Jury Instruction ("CACI") No. 3066. In its order granting in part and denying in part Defendants' motion for summary judgment, the Court ruled that under the Bane Act the "threat, coercion or intimidation' must be separate from the right which the plaintiff alleges was violated. (Dkt. No. 59 at 7-8.) With respect to Deputy Burleson, the Court denied summary judgment because the evidence supported a finding that Deputy Burleson threatened Plaintiff when he allegedly warned Plaintiff: "This is our house. You do exactly what we tell you to do." (*Id.* at 8.) The Bane Act, California Civil Code Section 52.1(j), provides that "[s]peech alone is

1  not sufficient to support an action brought pursuant to [the Bane Act], except upon a showing
2  that the speech itself threatens violence against a specific person or group of persons."
3  Accordingly, the CACI instruction –which requires the threat to be a threat of violence—is
4  warranted.

### B.   Civil Conspiracy Instruction

The Court overruled Plaintiff's request that the jury be instructed that they can find a defendant liable for a violation of Plaintiff's constitutional rights or state-law claims based upon the Defendant's participation in a conspiracy.  First, Plaintiff's Amended Complaint does not allege a conspiracy to violate Plaintiff's constitutional right to be free of excessive force.  "To state a claim for a conspiracy to violate one's constitutional rights under section 1983, the plaintiff must state specific facts to support the existence of the claimed conspiracy."  *Burns v. County of King*, 883 F.2d 819, 821 (9th Cir. 1989); *see also Buckey v. County of Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992) (holding that to state a section 1983 conspiracy claim the complaint must "allege facts to support the existence of a conspiracy among the defendants").  California law similarly requires the plaintiff to allege the formation and operation of a conspiracy.  *See Wasco Products, Inc. v. Southwall Technologies, Inc.*, 435 F.3d 989, 992 (9th Cir. 2006).  No such facts are alleged in the Amended Complaint, either in the paragraphs reciting the "Facts Applicable to All Causes of Action," nor the section 1983 cause of action for excessive force, nor the state law causes of action.  (Dkt. No. 26.)  The Court will not instruct on a claim that was never alleged.[1]

Second, Plaintiff only submitted one conspiracy jury instruction.  The proposed instruction states that a defendant may be liable for conspiring to violate one's constitutional rights, but Plaintiff did not propose a single instruction on the law governing whether a conspiracy existed in the first place.  Plaintiff also did not propose any jury instructions on the

---

[1] The boilerplate allegations in the "Parties" portion of the Amended Complaint are insufficient to put Defendants on notice of conspiracy claims. (Dkt. No. 26 at ¶¶ 19, 21.)  Not a single fact is alleged and, again, there is no mention of a conspiracy, or any facts supporting a conspiracy, in the factual potion of the Amended Complaint or any of the causes of action.

state law causes of action. Plaintiff's eve-of-oral-argument request for the "CACI" instructions, without identifying which instructions, is too little too late.

**IT IS SO ORDERED.**

Dated: August 9, 2013

_____
JACQUELINE SCOTT CORLEY
UNITED STATES MAGISTRATE JUDGE

3